BOSTON GAS LIGHT COMPANY *vs.* OLD COLONY AND NEWPORT RAILWAY COMPANY.

A railroad company may lawfully erect a building within the limits of the location of their railroad, for depot or station purposes, although they thereby obstruct a private way over the land upon which the building stands; and the Gen. Sts. c. 63, § 46, providing that if a railroad is laid out across a turnpike road or other way it shall be so made as not to obstruct the same, do not apply to private ways.

HOAR, J. The plaintiffs bring this bill to prevent the obstruction of a right of way, which they allege exists as appurtenant to land belonging to them, and situated in the city of Boston. Two questions arise upon the pleadings and proofs: 1. Whether they have such a right of way, independent of the acts of the defendants; and, 2. Whether in case such right exists, the defendants are authorized, by virtue of the powers given to them as a railroad company, to obstruct the use of it?

The question whether the alleged way is a public way was settled in the recent case of *Attorney General* v. *Old Colony &*

*Newport Railway,* 12 Allen, 404; and there is nothing in the evidence now before us to alter the conclusion at which we arrived in that case. **The fee** of the land over which it passes is in the defendants; and they have made a location of their railroad across it, authorized by their charter. The right of the plaintiffs is therefore, at farthest, nothing more than the easement of passing over the lands of another, acquired by contract. As the railroad company would have the right to take the land for the purposes of their road, if the fee, instead of the easement, had belonged to the plaintiffs, it must follow, either that there is no right to destroy by a railroad the liberty which an owner has of passing over his land, from one part of it to the other, in common with other modes of occupying and using it; or that the law has given some peculiar protection to the right to pass over the land of another, which it does not give to the right of passing over one's own land.

The first alternative was not much pressed in argument, and clearly cannot be maintained. The consequence of such a doctrine would be that wherever a railroad divided a piece of land, although by a deep cut or a high embankment, the owner would have a right to cross from one part to the other, no matter how expensive the crossing might be, nor how trifling the value or small the extent of either section. Where such crossings are reasonably required, they may be provided by agreement of the parties; or, if the land is taken by the railroad company without the owner's consent, may be established and ordered by the county commissioners. Gen. Sts. *c.* 63, § 40. *White* v. *Boston & Providence Railroad,* 6 Cush. 421. *Keith* v. *Cheshire Railroad,* 1 Gray, 614.

The only case cited by the plaintiffs which tends to sustain their claim upon this point, is *Boston & Worcester Railroad* v. *Old Colony Railroad,* 12 Cush. 605, 608. It was said in that case that the court were " not aware of any such absolute right and power of railroad proprietors, under the authority given them by statute, to take land for the use of the railroad, without any exigency, to erect and place high fences along the margin of their track on both sides, and exclude the proprietors of the

land to and from all communication between their land on one side and the other of their track." It does not appear that the precise nature and extent of the rights of way in Lehigh Street, which was the street in question in that case as well as this, were fully considered or disclosed. While therefore we do not mean to say that the judgment then given was erroneous, we are unable to satisfy ourselves of the soundness of all the observations in the opinion. It is perhaps questionable if railroad tracks actually and lawfully constructed and used by one railroad company, although beyond the limits of their location, can be rightfully obstructed or destroyed by another railroad company, under the general authority to build a railroad, without special permission from the legislature. The defendants in that case had filed a disclaimer of any right or intention to close up the tracks of the plaintiffs; which might have the same effect as an adjudication by the county commissioners that the tracks should be kept open. But the objection to the broad doctrine above quoted is this: it assumes that the railroad company cannot fence out the adjoining owners from their track " without any exigency." But where the statute allows them to take land for the use of the road, the mode of use for railroad purposes is left to the decision of the company, except so far as the statute limits the use, or allows the interference of another tribunal to regulate it. They are to judge of the exigency, unless by contract, or by the order of the county commissioners, rights are reserved which limit and qualify their power. *Brainard* v. *Clapp*, 10 Cush. 6. The court seem to take for granted that, as a matter of fact, no exigency existed, without considering that one might afterward arise, and that the liability was to be regarded in the assessment of damages. Railroad companies have the general right to erect buildings for the purposes of their business, within the five rods wide to which their location extends. *Worcester* v. *Western Railroad*, 4 Met. 564. The particular spot on which such buildings shall be placed, where there is no other restriction, must depend upon the choice of the company. And there is nothing in the case in the 12th of Cushing to indicate that the right of the railroad company to

obstruct by a building a private right of way is different from **or** less than their right to obstruct the passage of the owner of any land which they take from one part of it to another.

We can see nothing in the nature of a way, as a mere private right of property, which should exempt it from being taken for public use in the construction of a railroad. A dwelling-house may be taken; and any other easement in land may be practically extinguished.

The plaintiffs have placed the strength of their case in argu· ment, upon the position that the statute has expressly prohibited the obstruction of a private way; relying upon Gen. Sts. *c.* **63,** § **46,** which provides that " if a railroad is laid out across a turnpike road or other way, it shall be so made as not to obstruct the same." That the general phrase " or other way," was not intended to embrace a mere private right of way, seems to us very clear from several considerations. The preceding reference to a turnpike road, according to the maxim *noscitur a sociis,* would indicate that ways of the same nature were referred to ; that is, ways laid out by public authority, and designed for public use. In § 57 of the same chapter there is a provision that when after the laying out and making of a railroad the public convenience and necessity require " a turnpike road or other way " to be laid out across it, the county commissioners· shall direct the laying out; using the same phrase as in § 46; and it is further provided that the expense of constructing and maintaining the road or way at the crossing shall be borne by the county, city, town or corporation owning the same ; excluding the idea of a private owner. And farther, by § 28 a limitation of one year is fixed for the assessment of the damages occasioned to the owners of a private way by reason of any obstruction thereto by the railroad crossing the same. This, as was said in *Parker* v. *Boston & Maine Railroad,* 3 Cush. **107,** is an implication that the obstruction of a private way is to be compensated by damages, and is wholly inconsistent with the idea that the statute absolutely prohibited such obstruction. We are therefore of opinion, that if the plaintiffs owned the right of way in Lehigh Street which they allege, the defendants have

a complete justification under their charter for erecting a building across it for railroad purposes, within the limits of their location.

As the building lawfully erected within the location practically destroys the use of the way, the plaintiffs derive no title to the equitable relief which they seek, from the fact that the building extends beyond the location, on land of which the defendants own the fee. *Bill dismissed with costs.*

*B. R. Curtis & G. O. Shattuck,* for the plaintiffs.

*S. Bartlett & J. G. Abbott,* ( *C. F. Choate* with them,) for the defendants.